Christopher A. Datomi, Esq. (SBN 130502)
Dawn Cushman, Esq. (SBN 089280)
**RYAN DATOMI LLP**
500 North Brand Boulevard, Suite 2250
Glendale, CA 91203
Telephone: (818) 956-3600  Facsimile: (818) 956-3936
cdatomi@ryandatomilaw.com
dcushman@ryandatomilaw.com

Craig B. Garner., Esq. (SBN 177971)
**GARNER HEALTH LAW CORPORATION**
1299 Ocean Ave., Suite 450
Santa Monica, CA 90401
Telephone: (310) 458-1560  Facsimile: (310) 694-9025
craig@garnerhealth.com

Attorneys for Defendant DEANCO HEALTHCARE,
LLC dba MISSION COMMUNITY HOSPITAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD AUSTEN,<br><br>               Plaintiff,<br><br>      v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICE, JESSICA CRUZ, CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, SANDRA HOLGUIN, ALFREDO MORALES, DEANCO HEALTHCARE LLC and DOES 1-100,<br><br>               Defendants. | CASE NO.: 2:15-cv-07372 DDP (FFMx)<br><br>[Assigned to the Honorable Dean D. Pregerson]<br><br>**PROTECTIVE ORDER FOR PROTECTED PSYCHIATRIC RECORDS AND PROTECTED HEALTH INFORMATION**<br><br>Action Filed: 09/21/2015<br>Trial Date:    None Set |

### [PROPOSED] PROTECTIVE ORDER

Upon reading and considering the concurrently filed STIPULATION FOR A PROTECTIVE ORDER FOR PROTECTED PSYCHIATRIC RECORDS AND PROTECTED HEALTH INFORMATION AND EXHIBIT 1 AGREEMENT and finding good cause shown,

**IT IS HEREBY ORDERED:**

1. All protected health information sought by any party in this litigation regarding any patient at MISSION COMMUNITY HOSPITAL other than Plaintiff, if any, will be redacted to prevent the disclosure of information regarding the identity of patients at that facility during Plaintiff's admission on February 3, 2015, and thereafter, except upon proper application to the Court for an order pursuant to the provisions of the law, including California's LPS Act and, specifically, California Welfare & Institutions Code, section 5328.

2. Any party to this litigation is entitled to make a proper application to the Court for an order pursuant to the provisions of the law, including the California Welfare & Institutions Code, section 5328, for purposes of seeking the disclosure of protected health information of any patient records subject to section 5328, but only following an *in camera* review of protected health information records by the Court and a determination by the Court that disclosure of protected health information is necessary to the administration of justice.

3. All protected health information sought by any party in this litigation from MISSION COMMUNITY HOSPITAL regarding Plaintiff's admission to that facility on or about February 3, 2015, will be produced to all parties upon Plaintiff's written Authorization and then in the ordinary course of this litigation pursuant to the Federal Rules of Civil Procedure, subject to the terms of the Protective Order.

4. The parties in this action hereby agree to the following Protective Order limiting the use and disclosure of protected health information from MISSION COMMUNITY HOSPITAL regarding Plaintiff or any other patient of that facility on or about February 3, 2015:

    A. Under no circumstances shall the protected health information be used, shown, disseminated, copied or in any way communicated to anyone for any purpose whatsoever in any proceeding other than this case;

///

B. Under no circumstances shall the protected health information be used, shown, disseminated, copied or in any way communicated to anyone except by order of this Court as set forth below;

C. Except upon further order of this Court, disclosure of the protected "Confidential" records and its contents shall be limited to the following persons (herein referred to as "Qualified Persons"):

 (1) Counsel for the parties in this action and their employed associates, paralegals, clerical and support staff necessary to assist such counsel in preparation or trial of this action;

 (2) Independent experts and consultants retained by counsel for the parties in this action for the preparation for trial of this action (including their employees and support staff);

 (3) Interviewees and potential witnesses that counsel for any party to this litigation in good faith determines require access to the protected documents to effectively prosecute or defend this litigation.

 (4) The Court;

 (5) The jury, if the Court determines the protected health information is admissible.

D. Counsel for the parties in this action shall provide the Qualified Persons to whom disclosure of the protected records is to be made with a copy of this Protective Order, and such counsel shall obtain the written consent of such individual (in the form attached as Exhibit 1) that he or she will be bound by this Protective Order. In the event such individual does not consent to be bound by this Protective Order, no disclosure of the records will be made to such individual.

E. Any such records will be produced by the producing party by: (a) Marking the lower left hand part of each page as "CONFIDENTIAL";

and (b) Clearly and specifically designating the document as CONFIDENTIAL in a privileged log or other formal response to discovery. To the extent that any release of a document sought in this litigation would result in the disclosure of the name or identity of any psychiatric patient other than Plaintiff, the patient's name and other identifying information can be redacted by the producing party to reflect only the patient's initials before the document is released under this Protective Order. In that manner, the patient's identity will remain confidential.

F. In the event that any aforementioned records are disclosed to the parties subject to this Protective Order and are to be filed with this Court in any proceeding, any such records shall be filed under seal in accordance with the provisions of Federal Rules of Civil Procedure;

G. To the extent that any such records are used in the taking of depositions, those protected records and the transcript pages of the deposition testimony dealing with the protected records shall remain subject to the provisions of this Protective Order. Counsel for any party to this action may utilize any such records in the course of a deposition provided that (a) any such records are designated as exhibits to the transcript; (b) the exhibits containing any such records are designated as CONFIDENTIAL; and (c) any testimony related to any such records is designated as CONFIDENTIAL. Any party may designate a portion of the transcript (including exhibits) that contains or relates to any such records as CONFIDENTIAL by making such designation on the record in the course of the deposition, or within thirty (30) days after receipt of the transcript. If portions of the transcript or exhibits are designated as CONFIDENTIAL, the word CONFIDENTIAL shall be placed on the original and each copy of the

RYAN·DATOMI·LLP
500 North Brand Boulevard, Suite 2250
Glendale, California 91203

transcript, identifying the pages and exhibits of the deposition containing such CONFIDENTIAL information.

H.  Any counsel, expert, consultant or investigator retained by the parties in the above-referenced action shall not refer to the protected records in any other court proceeding subject to further order of this Court.

I.  The Protective Order and the obligations of all persons hereunder, including Qualified Persons and those relating to the disclosure and use of the records, shall continue to be binding and shall survive the final termination of this pending litigation, whether such termination is by settlement, judgment, dismissal, appeal or otherwise, until further order of this Court.

J.  The Protective Order shall be subject to modification by the Court on its own motion or on appropriately-noticed motion of a party or any other person with standing concerning the subject matter.

K.  Nothing within this Protective Order shall be construed as a judicial determination that any document or information contained within the subject protected records is admissible at the time of trial.

DATED: February 05, 2016

*[signature]*

Honorable Dean D. Pregerson
United States District Judge

**EXHIBIT 1**

# AGREEMENT TO BE BOUND BY STIPULATION RE IN CAMERA REVIEW AND PROTECTIVE ORDER FOR PSYCHIATRIC RECORDS

I hereby acknowledge that I will receive protected psychiatric records and/or other information supplied in connection with this litigation entitled, <u>Donald Austen v. County of Los Angeles, et al.</u>, United States District Court, Central District Case No. 2:15-cv-07372 DDP (FFMx). I understand that the protected psychiatric records and/or other information will be provided to me subject to the terms and restrictions of the Protective Order For Psychiatric Records in this action. I have been given a copy of the Stipulation And Protective Order. I have read it, understand its terms and agree to be fully bound by its terms.

I understand that the protected psychiatric records and/or other information shall not be disclosed to anyone except as expressly permitted by the Protective Order. I will not copy or use any of the protected psychiatric records and/or other information except solely for the purposes of this litigation, except as otherwise ordered by the Court. I hereby submit to the jurisdiction of the United States District Court for the Central District for purposes of enforcement of this Agreement and the Protective Order.

DATE:_____ _____

Signature

_____

Printed Name

_____

Affiliation

RYAN·DATOMI·LLP
500 North Brand Boulevard, Suite 2250
Glendale, California 91203