FILED
CLERK, U.S. DISTRICT COURT
OCT 31, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD AUSTEN,<br><br>          Plaintiff,<br><br>     v.<br><br>JESSICA CRUZ and<br>DEANCO HEALTHCARE, LLC d/b/a/<br>Mission Community Hospital,<br><br>          Defendants. | Case No. 15-cv-07372 VAP-FFM<br><br>**ORDER GRANTING IN PART DEFENDANT MCH'S MOTION FOR JUDGMENT AS A MATTER OF LAW** |

On October 26, 2018, at the conclusion of Plaintiff's case in chief, Defendant Mission Community Hospital moved the Court for entry of judgment in its favor on Plaintiff's Fourteenth Amendment due process claims. After hearing and considering argument from both parties, the Court granted the Motion under Rule 50, for the reasons set forth below.

## I. LEGAL STANDARD

A motion for judgment as a matter of law is governed by Federal Rule of Civil Procedure 50, which states:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Fed. R. Civ. Pro. 50(a)(1).

The standard for granting judgment as a matter of law is similar to the standard for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). In reviewing all of the evidence in the record, "[t]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Id*.

The court "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves*, 530 U.S. at 151. In addition, "the court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.' " *Id*. (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

## III. DISCUSSION

Plaintiff Donald Austen brings claims against Defendant Mission Community Hospital ("MCH") for violations of his procedural and substantive due process rights under the Fourteenth Amendment. MCH contends that it is entitled to judgment as a matter of law on both claims.

At trial, MCH called expert witness and psychiatrist Dr. David Braff to testify. (Joint Witness List, Dkt. 260.) Dr. Braff testified on the question of whether MCH's

2

admitting psychiatrist, Dr. Farrag, appropriately exercised his medical judgment during the period of involuntary detention. (Dkt. 250.) Plaintiff, however, presented no countervailing testimony from a medical expert on this question. The issue before the Court is whether, under these circumstances, MCH is entitled to judgment as a matter of law.

As the Court set forth in its previous Order, Dkt. 174, Plaintiff's procedural due process rights are violated if MCH failed to provide him with an in-person assessment prior to admission. (MSJ Order at 24, Dkt. 174.) In contrast, Plaintiff's substantive due process rights are violated if MCH, through psychiatrist Dr. Hassan Farrag, exercised its medical judgment on the basis of criteria that are "substantially below the standards generally accepted in the medical community." *Jensen v. Lane County*, 312 F.3d 1145, 1147 (9th Cir. 2002).

As to Plaintiff's procedural due process claim, the Court concludes that this issue presents questions of fact that do not require the assistance of a medical expert. Specifically, a jury is capable of determining, without expert testimony, whether MCH conducted a face-to-face assessment prior to Plaintiff's admission.

As to the substance of the medical determinations made by Dr. Farrag, however, the Court concludes that expert testimony is necessary for Plaintiff to meet his burden of proof on the substantive due process claim.

In *Jensen*, the Ninth Circuit held, under similar factual circumstances, that a committing physician defendant was entitled to summary judgment on a due process claim. *Id.* at 1148. Here, as in *Jensen*, there was probable cause for the hospital to believe, at the time of admission, that Plaintiff, as a result of mental illness, was a danger to himself or others. (MSJ Order at 17.) In addition, Dr. Braff testified that Dr. Farrag "was familiar with, and his conduct conformed to, the professional standards for involuntary admission." *Id.* at 1148. As in *Jensen*, however, Plaintiff "offered no expert medical evidence to the contrary." *Id*. Moreover, "there was no evidence that Dr. [Farrag] had any

3

personal motive to treat [Plaintiff] differently . . . and no showing of intentional delay, bad faith, or malice." *Id.* For these reasons, the Court finds that judgment as a matter of law on Plaintiff's substantive due process claim is warranted.

In addition, whether a doctor's conduct conforms to community medical standards is an issue that often requires expert testimony. *See Olivier v. Robert L. Yeager Mental Health Center*, 398 F.3d 183, 190 (2d Cir. 2005). In *Olivier*, a plaintiff sued a hospital for placing him on an involuntary psychiatric hold. *Id.* The hospital moved for judgment as a matter of law because the plaintiff had "introduced no expert testimony as to medical standards supporting his claim." *Id.* at 188. The Circuit reasoned that "without expert assistance a jury will often have no understanding of what constitutes reasonable behavior in a complex and technical profession such as medicine.'" *Id.* at 186.

The Court finds the reasoning of *Olivier* persuasive. Specifically, expert testimony will assist the jury in determining the prevailing medical standards, and in determining whether these standards have been properly applied in a particular factual circumstance. In the absence of favorable expert testimony on these issues, Plaintiff cannot carry his burden of showing that Dr. Farrag's exercise of medical judgment fell substantially below prevailing standards in the medical community, as needed to prove his substantive due process claim under the Fourteenth Amendment.

**IV. CONCLUSION**

For the reasons stated above, the Court GRANTS Defendant MCH's Rule 50 motion as to Plaintiff's substantive due process claim and DENIES the motion as to Plaintiff's procedural due process claim.

**IT IS SO ORDERED.**

Dated: October 31, 2018

_____
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

4